IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>LONNIE WAYNE LOTSHAW,<br><br>*Defendant.* | Case No. 17-10060-01-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Lonnie W. Lotshaw's Motion for Compassionate Release (Doc. 81). He seeks early release from prison due to health issues. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

I.   **Factual and Procedural Background**

On October 30, 2020, Defendant pleaded guilty to a Superseding Information charging him with interstate transportation in aid of racketeering enterprises, in violation of 18 U.S.C. § 1952(a)(3). On June 14, 2021, Defendant was sentenced to 60 months' imprisonment. Defendant is 53 years old, and his projected release date is October 17, 2025.

On February 15, 2023, Defendant filed a motion seeking early release from prison due to health issues. He states that his serious medical conditions are an extraordinary and compelling reason warranting early release. The government opposes his motion.

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[1] It allows defendants to seek early release from prison provided certain conditions are met. First, a criminal defendant may file a motion for compassionate release only if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf" or; (2) 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[2] Exhaustion is a mandatory claim-processing rule in the Tenth Circuit.[3]

If a defendant satisfies the exhaustion requirement, the Tenth Circuit has set forth a three-part test for district courts to use when deciding a defendant's motion.[4] This test requires the Court to consider whether (1) "extraordinary and compelling reasons" warrant the sentence reduction, (2) "such reduction is consistent with *applicable* policy statements issued by the Sentencing Commission," and (3) any reduction is consistent with the applicable sentencing factors set forth

---

[1] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[2] 18 U.S.C. § 3582(c)(1)(A).

[3] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

[4] *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (discussing and employing the same three-part test).

in 18 U.S.C. § 3553(a).[5]  However, "the Sentencing Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants."[6]  If the Court denies the motion because the defendant fails to meet one of the prerequisites, it may do so without addressing all three factors.[7]  If, however, the Court grants the motion, the Court must address all steps.[8]

### III.   Analysis

Defendant seeks early release based on serious health conditions.  The government asserts that Defendant is not an appropriate candidate for early release.

**A.   Exhaustion**

Defendant has satisfied the exhaustion requirement described in § 3582(c).  He requested compassionate release from the Warden of his facility on December 15, 2022.  The Warden denied his request five days later.  The government also concedes that Defendant meets the exhaustion requirement. Thus, the Court will proceed and determine the merits of Defendant's motion.

**B.   Extraordinary and Compelling Reasons**

Defendant asserts that his serious medical conditions constitute an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A).  Defendant does not

---

[5] *McGee*, 992 F.3d at 1042-43 (citations and internal quotation marks omitted).

[6] *Maumau*, 993 F.3d at 837 (citations omitted); *see also United States v. Hald*, 8 F.4th 932, 947 n.9 (10th Cir. 2021) (noting that the district court cannot err when it does not address the second step—the applicable policy statement—when there is not an applicable policy statement to motions filed by the defendant).

[7] *McGee*, 992 F.3d at 1043 (citation omitted); *see also Hald*, 8 F.4th at 942-43 (explicitly stating that a district court can choose which order to consider the three steps, and "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

[8] *McGee*, 992 F.3d at 1043 (citation omitted).

specifically identify his medical conditions. However, a review of the medical records he attached to his motion show that his health issues include anxiety, sleep apnea, hypertension, and asthma. His medical records also show that a pacemaker was implanted in November 2022 to address symptomatic bradycardia.

"District courts, in carrying out the first step of § 3582(c)(1)(A)'s statutory test, decide for themselves whether 'extraordinary and compelling reasons' exist in a given case."[9] Although the Court is sympathetic to Defendant's health concerns, his conditions do not constitute an extraordinary and compelling reason. Defendant's health conditions are being monitored, and treated if needed, by the Bureau of Prisons and appropriate medical authorities. Thus, Defendant does not meet his burden in demonstrating extraordinary and compelling circumstances warranting compassionate release.

### C.    Section 3553(a) Factors

The Court's conclusion is bolstered by a consideration of the applicable sentencing factors enumerated in 18 U.S.C. § 3553(a).[10] Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[11]

Defendant pleaded guilty to interstate travel in aid of racketeering, and he received 60 months' imprisonment for this offense. At this point, he has only served approximately half of his

---

[9] *Maumau*, 993 F.3d at 833.

[10] 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining the length of imprisonment).

[11] 18 U.S.C. § 3553(a).

sentence, and he still has 31 months remaining to serve.  In addition, Defendant has an extensive criminal history.  Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment.  The Court remains convinced that 60 months' imprisonment is the appropriate sentence and finds that the sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved.  Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 81) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 24th day of March, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE