IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* vs. LONNIE WAYNE LOTSHAW, *Defendant.* | Case No. 17-10060-01-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Lonnie Wayne Lotshaw's Motion for Compassionate Release (Doc. 85). This motion is Defendant's second one in two months. He seeks early release from prison due to health issues, and the government opposes his motion. For the reasons stated below, the Court denies Defendant's motion.

In 2020, Defendant pleaded guilty to interstate transportation in aid of racketeering enterprises, in violation of 18 U.S.C. § 1952(a)(3). On June 14, 2021, Defendant was sentenced to 60 months' imprisonment. Defendant's projected release date is October 17, 2025.

On November 1, 2021, Defendant submitted a request that the Court interpreted as a request for compassionate release. The Court denied Defendant's request because it was not a motion nor in the form approved by the Court.

Approximately two months ago, on February 15, 2023, Defendant filed a motion seeking early release from prison due to health issues. The government opposed it. On March 24, 2023, the Court denied Defendant's motion.[1] The Court first found that Defendant's health concerns were being monitored, and being treated if needed, by the Bureau of Prisons ("BOP") and appropriate medical authorities. Thus, the Court found that Defendant did not identify an extraordinary or compelling reason for release.

In addition, the Court considered the factors under 18 U.S.C. § 3553(a) and determined that Defendant was not an appropriate candidate for release. Specifically, the Court found that Defendant had only served approximately half of his 60-month prison sentence, and he had an extensive criminal history. Accordingly, the Court determined that reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment.

Defendant is before the Court again seeking early release based on health issues including chronic kidney disease, chronic obstructive pulmonary disease, sleep apnea, hypertension, anxiety disorder, and the need for a nebulization machine twice a day. The government again opposes the motion. The government agrees that Defendant exhausted his administrative remedies and concedes that his health issues establish an extraordinary and compelling reason. However, the government asserts that the § 3553(a) factors are against early release.

The Court finds it unnecessary to set forth the legal standard or address Defendant's motion in detail. Suffice to say, Defendant asserts the same reasons for release as he did in his motion

---

[1] Doc. 83. The government states that Defendant's previous motion remains pending before the Court, but the Court issued its decision.

Case 6:17-cr-10060-EFM   Document 88   Filed 04/26/23   Page 3 of 3

-3-

filed two months ago. The Court denied that motion and set forth its reasons for doing so in that Order. Although the Court is sympathetic to Defendant's medical conditions, it appears that the BOP is adequately addressing them. In addition, the § 3553(a) factors are not in Defendant's favor for early release. Accordingly, the Court denies Defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 85) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 26th day of April, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE